IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STIRISTA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SKYDEO INC.,<br><br>Defendant. | Civil Action No. 1:23-cv-00856-CFC |

## **MEMORANDUM ORDER**

Pending before me is a filing by Plaintiff Stirista, LLC titled "Motion to Exclude Certain Portions of the Expert Report of Patrick Kelleher." D.I. 65. Stirista purports to bring the motion "[p]ursuant to [p]aragraph 10(b) of the Scheduling Order in this case." D.I. 65 at 1 (citing D.I. 13). Paragraph 10(b) of the Scheduling Order provides:

> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

D.I. 13 at 6.

Although paragraph 10(b) concerns motions to exclude testimony, Stirista does not seek by its motion the exclusion of testimony. Rather Stirista seeks by its

motion the exclusion of "certain opinions set forth in" Mr. Kelleher's expert report. D.I. 65 at 1. Consistent with that request and the motion's title, the Proposed Order Stirista asks me to sign reads: "IT IS HEREBY ORDERED . . . that Plaintiff's motion is GRANTED and [t]he portions of [Mr. Kelleher's expert report] related to market confusion highlighted in Ex. 1 to Plaintiff's brief are deemed stricken." D.I. 65 at 4.

Expert reports are classic hearsay and generally barred from admission at trial by Rule 802. *Synthes Spine Co., L.P. v. Walden*, 2006 WL 8458938, at *1 (E.D. Pa. July 26, 2006); *Constellation NewEnergy, Inc. v. Powerweb, Inc.* 2004 WL 6031010, at *1 n.1 (E.D. Pa. Aug. 19, 2004); *Sapsai v. Timar Constr. Co. Inc.*, 2007 WL 9761622, at *1 (M.D. Pa. June 5, 2007); *Takeda Pharms. USA, Inc. v. Spireas*, 2019 WL 9596536, at *1 n.1 (E.D. Pa. Sept. 4, 2019); *Datacore Software Corp. v. Scale Computing, Inc.*, 2024 WL 3823001, at *2 (D. Del. Aug. 14, 2024). Expert reports are not testimony and do not implicate Rule 702. Rule 702 governs when "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify." Fed. R. Evid. 702.

Because Stirista's motion does not constitute an objection to expert testimony, it is not authorized by paragraph 10(b) of the Scheduling Order, and I will deny it for that reason.

In its briefing filed in support of the motion, Stirista argues that "Mr. Kelleher's opinions and conclusions related to market confusion should be excluded [under Rule 702] as unqualied, unreliable, and unhelpful to a trier of fact." D.I. 66 at 1. Having read the parties' briefing on this question, I'm inclined to agree with Stirista. Mr. Kelleher is an expert in the field of accounting, not marketing; his opinion that "[t]here was no market confusion," D.I. 66-1 at 13, is conclusory and unsupported by *any* identified methodology, let alone a reasonable and reliable methodology employed by marketing experts; and his unsupported and conclusory opinions about alleged market confusion would not, in my view, help the jury. It thus seems clear that Rule 702 would preclude him from testifying at trial about his opinions on market confusion. But, as noted above, Stirista did not move to exclude Mr. Kelleher's testimony about those opinions.

It might be asked: why not ignore the title and content of Stirista's motion and its proposed order and simply treat Stirista's briefing as laying out the relief that Stirista seeks? Two reasons. First, Stirista is a sophisticated party with sophisticated counsel, and is therefore responsible for "fram[ing] the issues for decision" for the Court. *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). Second, and more importantly, the highlighted portions of the expert report attached as Exhibit 1 (D.I. 66-1) that Stirista asks in its motion and proposed order to be "deemed stricken" are not limited to opinions about market confusion.

3

Some of those opinions also concern damages, and Stirista does not argue in its briefing that Mr. Kelleher's opinions about damages are barred by Rule 702. *See* D.I. 66-1 at 4, 5, 12, 13, 14. Thus, the motion and briefing do not align.

\* \* \* \*

NOW THEREFORE, at Wilmington on this Fourteenth day of March in 2025, it is HEREBY ORDERED that Stirista, LLC's Motion to Preclude Certain Portions of the Expert Report of Patrick Kelleher (D.I. 65) is DENIED.

_____
CHIEF JUDGE